UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF PENNSYLVANIA
READING DIVISION

In re:   Troy Conver                                                                      Chapter 13

       Debtor                                                                       Bankruptcy No. 19-11792-PMM

Troy Conver

      Plaintiff

v.

Secretary of Housing and Urban Development                         Adversary Proceeding No.

      Defendant

COMPLAINT SEEKING TO DETERMINE THE EXTENT AND VALIDITY OF SECURED STATUS OF CREDITOR UNDER 11 U.S.C. SECTIONS 502, 506

      Debtor and Plaintiff, Troy Conver, by and through her Counsel, Brenna H. Mendelsohn, Esquire and Mendelsohn & Mendelsohn, P.C., hereby files this Complaint Seeking to Determine the Extent and Validity of Secured Status of Creditor Under 11 U.S.C. Sections 502, 506, and in support thereof sets forth as follows:

      1. Plaintiff, Troy Conver is the Debtor in the above captioned Chapter 13 proceeding.

      2. Defendant is Secretary of Housing and Urban Development doing business in the Commonwealth of Pennsylvania.

      3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 1334(b) as a proceeding under the Bankruptcy Code.

      4. The matters set forth in this Complaint are core proceedings and may be heard by a Bankruptcy Judge pursuant to 28 U.S.C. Section 157(b)(2)(A) and (K).

      5. This is an action brought under those provisions of the Bankruptcy Code, 11 U.S.C. Sections 502(b) and 506(a)(d), allowing the Plaintiff to determine the extent and validity of a Mortgage lien allegedly held by Secretary of Housing and Urban Development, in the residence owned by the Debtor as a fee simple, located at 1197 Conestoga Blvd, Conestoga, PA 17516 (hereinafter referred to as "the property").

      6. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1409.

      7. On March 25, 2019, the debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code.

      8. Secretary of Housing and Urban Development has a second mortgage on the property. The balance as of the Petition date was approximately $26,835.03.

      9. The debtor has a first mortgage against the property held by MidFirst Bank, with an estimated payoff in the amount of $138,000.00.

      10. The value of the property in its current condition is determined to be worth no greater than $155,00000.  The property had been listed on the market for sale and after multiple showings and below average to poor feedback, ie each room of the home was in disarray with repairs needed, and the best offer on the property was for $155,000.00, which was accepted.

      11. Based on the extensive work necessary and payment of the Mortgage lien in first position, Debtor avers that is no equity to cover the payment of the Defendant's Mortgage.

      WHEREFORE, Debtor requests judgment against Secretary of Housing and Urban Development's claim as unsecured and avoiding the Mortgage and declaring the same to be null and void.

                                      Respectfully Submitted,

Date: March 22, 2024                         By: /s/ Brenna H. Mendelsohn

                                      Brenna H. Mendelsohn, Esquire

                                      637 Walnut Street Reading, PA 19601